GLADNEY, Judge.
W. J. Crow and Mrs. Ella Flaherty Crow, owners of and in actual possession of thirty acres of land- located in Webster Parish, instituted this, a possessory • action, as governed by Articles 3651-3664 of the LSA-Code of Civil Procedure,-relating to actions to determine ownership or possession of real property. The defendant is The General Construction Company, Inc., to which plaintiffs on July 8, 1959, executed a mining or gravel lease on said property for a period of eighteen months, or until January 8, 1961, the term being subject to the provision that “if the said Lessee or his assigns are engaged in removing sand and gravel from said property at the expiration of this eighteen (18) month period, this contract or lease will automatically remain in full force and effect until all operations for removing sand and gravel from the lands have terminated.” The defendant contended the lease has not terminated. Following a trial on the merits, judgment was rendered favorable to plaintiffs, and defendant has appealed.
The principal issue is factual and is concerned with whether appellant was engaged in mining gravel at the end of the eighteen months period. Minor issues presented are an exception of no cause and no right of action urged by appellant and the claim by appellees to entitlement to damages which were rejected by the trial court. Both contentions in our opinion are untenable for the reasons hereinafter set forth.
Uncontroverted testimony discloses the defendant attempted no operations upon the lease until about seventeen months after its date, about December 1, 1960, when two of its employees began clearing two acres of ground. During the last week in December some machinery, including a dragline, pump, and motor grader, was placed on the lease and a negligible quantity of gravel mined, amounting to seventy-two yards, which was trucked out on December 31, 1960, and later, January 10, 1961, thirty-six yards were removed. The latter date was two days after the primary term of eighteen months. The gravel so removed was stockpiled on an adjoining lease. Some time during February, 1961, the defendant removed its dragline and other machinery from the property for use elsewhere.
The record discloses the defendant did not act with good faith in the mining of the gravel from the lease. The president of the defendant company conceded no *61 operations were in progress between December 31, 1960, and January 10, 1961, but claimed it was prevented from actively mining gravel during that period due to extreme weather conditions. Such interference by weather not only was not proven, but was successfully refuted by Clarence Shull and Danny Cheney, representatives of other gravel operators in the same locality who testified they were enabled to continue ninety-five per cent of their operations during the period aforementioned. It is our conclusion, therefore, that the lessee was not actually removing sand and gravel from the land under its lease at the time of the expiration of the primary period, January 7, 1961.
Appellant’s exception of no cause and no right of action is predicated on the contention that this is an action to rescind a contract and as a condition precedent thereto, it is incumbent upon plaintiffs to make formal default and return the payment of $100.00 made to plaintiffs as advance royalty. The argument is without merit for this action is not an action for rescission, but is in the nature of a possessory action wherein plaintiffs seek judgment decreeing their right to full possession of the premises after termination of the contract by its own terms. LSA-C.C. art. 2727 provides a lease ceases at the expiration of the time agreed upon.
Appellees are not entitled to a review of their claim for damages rej ected by the trial court, for they have neither appealed from the judgment nor ansvrered the appeal to claim this relief.
For the reasons stated it is our conclusion the trial court properly passed upon all issues and the judgment rendered in favor of plaintiffs is correct.
It is, therefore, ordered, adjudged and decreed that there be judgment herein in favor of the plaintiffs, W. J. Crow and Ella Flaherty Crow, and against the defendant, The General Construction Company, Inc., recognizing the plaintiffs’ rights to the possession of the following described property located in Webster Parish, Louisiana:
“Northeast Quarter (NE J4) of the Northeast Quarter (NE j4)> Section 23, Township 19 North, Range 10 West, excluding all that portion of same lying East of the new Cotton Valley Highway, and containing 30 acres, more or less.”
and maintaining them in possession thereof, without interference from the defendant, and further declaring the lease of July 8, 19S9, recorded at Book 300, Page 411, Conveyance Records, Webster Parish, Louisiana, terminated as of January 8, 1961.
It is further ordered the judgment be affirmed in all other respects, appellant to be assessed with all costs, including cost of appeal.